# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### October 8, 2013 Session

## STATE OF TENNESSEE v. SHAUN ANTHONY DAVIDSON AND DEEDRA LYNETTE KIZER

**Appeal from the Criminal Court for Davidson County**
**No. 2011-C-2863          Monte Watkins, Judge**

---

**No. M2012-02692-CCA-R3-CD - Filed November 26, 2013**

---

JAMES CURWOOD WITT, JR., J., concurring.

I agree that Tennessee Code Annotated section 55-9-107(c) is not vague or overbroad, but such does not mean it is flawless.

On the one hand, the statute is superfluous; police officers do not need statutory authority to stop a vehicle pursuant to constitutional principles expressed in *Terry v. Ohio*, 392 U.S. 1 (1968), and its progeny. Thus, a statute authorizing a detention based upon a reasonable belief of wrongdoing is a nonstarter.

On the other hand, the statute grants "probable cause" to certain officers with reasonable beliefs in wrongdoing. "[C]ourts have recognized three distinct types of police-citizen interactions: (1) a full scale arrest which must be supported by probable cause; (2) a brief investigatory detention which must be supported by reasonable suspicion; and (3) brief police-citizen encounters which require no objective justification." *State v. Daniel*, 12 S.W.3d 420, 424 (Tenn. 2000) (citations omitted). "Probable cause" is a more demanding standard than "reasonable suspicion." *See e.g.*, *State v. Kailyn Loren McKeown*, No. E2011-02209-CCA-R3-CD, slip. op. at 5 (Tenn. Crim. App., Knoxville, Sept. 25, 2012). Obviously, the State may not diminish the ambit of protection afforded its citizens by the federal constitution. A mere reasonable belief or suspicion does not equate to probable cause and affording it the consequences of a probable cause determination is constitutionally impermissible. For this reason, subsection 55-9-107(c) is a flawed statute.

Of course, it matters not; if the officers in the present case had the requisite reasonable belief or suspicion, their properly limited investigation would have been authorized by *Terry*, code subsection 55-9-107(c) notwithstanding.

_____

JAMES CURWOOD WITT, JR., JUDGE